```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF ALABAMA
                  NORTHERN DIVISION
```

| | |
|---|---|
| **KENNY HARDEN,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **CIVIL ACTION 09-00091-KD-B** |
| | ) |
| **KENNETH ARLIN PEEK, JR.,** | ) |
| *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

## REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff Kenny Harden Dominguez's Motion to Remand (Doc. 3), which was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Based upon a careful review of Plaintiff's motion, supporting briefs, and the briefs in opposition, the undersigned RECOMMENDS that Plaintiff's Motion to Remand be GRANTED, and that this case be REMANDED to the Circuit Court of Dallas County, Alabama.

    **I.**    **Background**

Plaintiff Kenny Harden filed the instant wrongful death action in the Circuit Court of Dallas County, Alabama as the administrator of Javier Toto. (Doc. 1, Ex. 1). Plaintiff alleges that Mr. Toto was killed on August 15, 2008, when the vehicle in which he was riding was struck by a vehicle operated by Defendant Kenneth Arlin Peek, Jr. Plaintiff has named Peek as a Defendant, as well as Poch Staffing, Inc. According to Plaintiff, Peek was acting within the line of and scope of his employment with Defendant Poch Staffing,

Inc. at the time of the accident.  Plaintiff seeks  unspecified punitive damages under the Alabama Wrongful Death Act. (Doc. 1, Ex. 1).

Defendant Peek filed a Notice of Removal, which Defendant Poch Staffing consented to, on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and 28 USC § 1441. (Doc. 1). According to Peek, Plaintiff and Defendants are citizens of different states, and the court can readily deduce that Plaintiff's claim seeks damages in excess of the $75,000 jurisdictional amount. Peek further argues that in Alabama, the recovery of damages depends on the quantity of wrongful conduct alleged and the degree of culpability involved; thus, Plaintiff's allegations of five separate acts of wantonness by Defendant is sufficient to establish the jurisdictional amount in this case. Peek also asserts that wrongful death is, by its nature, so substantial as to make it readily apparent that the amount in controversy requirement is satisfied.

In his motion seeking remand, Plaintiff argues that Defendant Peek has failed to meet his burden of showing by a preponderance of evidence that the amount in controversy is in excess of this Court's jurisdictional minimum.  Plaintiff also argues that the Eleventh Circuit's Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007) prohibits this Court from looking at appellate decisions in other similar cases as evidence of the amount of controversy. Plaintiff further contends that her silence regarding the amount sought in this action is evidence of nothing.

**II.    Discussion**

Federal Courts have limited subject matter jurisdiction and are

2

empowered to decide only certain types of cases. See Morrison v. Allstate Indemnity Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). In particular, lower federal courts can hear only cases for which Congress has granted them jurisdiction. Once a federal court determines that no grant of jurisdiction applies in a particular case, it must immediately dismiss the case for lack of jurisdiction. See Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6(11th Cir. 2001).

Removal statutes are construed narrowly and jurisdictional uncertainties are resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim.") (citations omitted). In removal actions, the removing party bears the burden of establishing jurisdiction. Diaz v. Sheppard, 85 F. 3d 1502, 1505 (11th Cir. 1996). Moreover, "[t]he removal statute should be construed narrowly with doubt construed against removal." Id. A defendant may remove an action from state court to federal court only if the action is one over which the federal court possesses subject-matter jurisdiction. See 28 U.S.C. § 1441(a).

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship and (2) an amount-in-controversy greater than $75,000. See 28 U.S.C. § 1332(a). The amount in controversy must exceed "the sum of $75,000, exclusive of interest and costs. Id. The defendant must prove that the amount in controversy exceeded $75,000 at the time

3

when the case was removed.  <u>Leonard v. Enter. Rent a Car</u>, 279 F. 3d 967, 972 (11th Cir. 2002).  The Eleventh Circuit clarified the removing defendant's burden in this regard in <u>Lowery v. Alabama Power Co.</u>, 483 F. 3d 1184 (11th Cir. 2007).  In <u>Lowery</u>, the court explained:

> [W]e conclude that the removal-remand schedule set forth in 28 U.S.C. §§ 1446(b) and 1447(c) requires that a court review the propriety of removal on the basis of the removing documents.  If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.  If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate.
>
> ...
>
> [U]nder § 1446(b), in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff - be it the initial complaint or a later received paper - and determines whether that document and the notice of removal unambiguously establish federal jurisdiction. This inquiry is at the heart of a case, such as the one before us, in which the plaintiff challenges removal by filing a timely motion to remand under § 1447(c).  In assessing whether removal was proper in such a case, the district court has before it only the limited universe of evidence available when the motion to remand is filed - i.e., the notice of removal and accompanying documents.  If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings... The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking into the stars.
>
> <u>Id.</u> at 1211, 1214-1215 (internal citation omitted).

In this action, Defendants acknowledge that the amount in

4

controversy is not clearly stated on the documents before the Court. Accordingly, under Lowery, this case must be remanded unless Defendants can establish, by a preponderance of the evidence, that the jurisdictional amount is readily deducible from the documents before the Court.  In support of their assertion that the jurisdictional amount has been satisfied in this case, Defendants point to Plaintiff's Complaint and assert that Plaintiff's allegations of five separate acts of wanton conduct by Defendant Peck, which resulted in the decedent's death, satisfies the jurisdictional amount.  While it is true that under Alabama law[1], the measure of damages in an Alabama wrongful death claim is not the value of human life, but rather the wrongfulness of the defendant's conduct, Plaintiff's general allegation that on August 15, 2008, Defendant operated his vehicle in a reckless and wanton manner and thereby caused the death of Plaintiff's decedent, standing alone, is not sufficient to establish the jurisdictional amount.  Simply put, there is nothing about Plaintiff's general allegation of wanton/reckless conduct on the part of Peck that leads one to readily conclude that the amount in controversy in this case exceeds $75,000.

Likewise, Defendants' argument that because of the substantial

---

[1] See Ala. Pattern Jury Instructions Civil §§ 11.181(2007) (stating that in a wrongful death case, the amount of damages should be directly related to the amount of wrongdoing alleged on the part of the defendant.  "In assessing damages, [the jury] is not to consider the monetary value of he life of the decedent.").

5

nature of a wrongful death action, it is readily apparent that such actions meet the jurisdictional amount, is not sufficient to establish the jurisdictional amount in this case.  In support of their assertion, Defendants cite Sanderson v. Daimler Chrysler Motor Corp., 2007 U.S. Dist. LEXIS 75431, 2007 WL 2988222 (S.D. Ala. Oct. 9, 2007). In Sanderson, the court observed that certain injuries are by their nature so substantial as to make it readily apparent that the amount in controversy is satisfied, and listed as an example an allegation that the plaintiff had been rendered a paraplegic. Id. at *4; *1.  The Court in Sanderson held that where the plaintiff had alleged serious and permanent disfigurement and scarring to the face and body, the plaintiff had experienced a shattering loss that few would be willing to share at any price.  Thus, the court concluded that the allegations were sufficient to meet the jurisdictional amount. Id. at *4-5; *2.

In Lowery, the Eleventh Circuit did not address the issue of whether certain injuries are by their nature substantial enough to establish the jurisdictional amount without any supporting evidence. The Court in Lowery did, however, reject the defendant's attempt to rely on jury verdicts in similar cases to establish the jurisdictional amount and questioned whether such information is ever of any probative value. Id. at 1189, 1220-21.  The undersigned finds that Defendants' conclusory allegation that the jurisdictional amount has been met, while clearly reasonable in a wrongful death

6

action of this type, does not, under <u>Lowery</u>, constitute the type of evidence upon which the Court may conclude that the jurisdictional minimum of $75,000 has been satisfied.  <u>See also</u> <u>Yates v. Medronic, Inc.</u>, 2008 U.S. Dist LEXIS 65689, 2008 WL 4016599, at *11 (S.D. Ala. Aug. 26, 2008)(holding that Alabama wrongful death product liability cases relied upon by defendant were not proper means for establishing jurisdictional amount under <u>Lowery</u>); <u>Thibodeaux v. PACCAR Inc.</u>, 592 F. Supp. 2d 1377 (M.D. Ala. 2009)("[U]nder <u>Lowery</u>, a removing defendant may not prove amount in controversy by relying upon jury verdicts in similar cases.").

Defendants also argue that Plaintiff should not be permitted to defeat jurisdiction by remaining silent about the amount in controversy and that this Court should conduct a hearing to explore the amount in controversy issue.  While the undersigned agrees that plaintiffs should not be permitted to frustrate the purposes of diversity jurisdiction by withholding information regarding the amount in controversy, <u>Lowery</u> makes clear that the remand issue must be decided based upon the documents before the Court.  In <u>Lowery</u>, the Court observed that the trial court "should not reserve ruling on a motion to remand in order to allow the defendant to discover the potential factual basis of jurisdiction."  <u>Lowery</u>, 483 F.3d at 1217.  Regardless of how much or how little discovery has been conducted, <u>Lowery</u> compels remand in those cases where the jurisdictional amount is not clearly stated on the face of the

documents before the court, or is not readily deducible from them. In this action, Defendants have made conclusory allegations, but they have failed to present evidence that the amount in controversy is readily deducible from the complaint; thus, they have not met their burden of establishing that the amount in controversy exceeds $75,000, exclusive of interests and costs.

### III.     Conclusion

Based upon a careful review of Plaintiff's motion, supporting briefs, and the briefs in opposition, the undersigned RECOMMENDS that Plaintiff's Motion to Remand be GRANTED, and that this case be REMANDED to the Circuit Court of Dallas County, Alabama.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **28th** day of **April**, **2009.**

          **/s/ SONJA F. BIVINS**
          **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Opposing party's response to the objection.</u>**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate

9

judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

          **/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**